MYRON G. BORAWSKI
*vs.*
COLT'S PATENT FIRE ARMS MFG. CO.

Superior Court        Hartford County        File No. 67963

MEMORANDUM FILED OCTOBER 16, 1942.

*Frank R. Odlum*, of Hartford, for the Plaintiff.

*Harry Silverstone*, Assistant Attorney General, for the Defendant.

Memorandum of decision on appeal from action of Unemployment Compensation Commissioner.

O'SULLIVAN, J.   The finding of the Unemployment Compensation Commissioner discloses these facts: The plaintiff is 23 years old and has been in the defendant's employ for the past year and a half, averaging $90 to $100 per week as a drill press operator.   On Sunday, May 24, 1942, he voluntarily severed his employment because of his 1-A draft classification and the fact that he had been notified to report for induction into the Army on May 26th.   However, he failed to pass the physical examination, as a result of which he was not accepted by the Army and was so notified on the same day.   About a month later, he was reclassified and placed in 1-B.   In the meantime he has been actively seeking employment, but has not been successful, due to his draft classification.   The Commissioner held that as the plaintiff had left work voluntarily and without sufficient cause connected with his employment, he is entitled to unemployment compensation benefits subject to the statutory disqualification.

Section 718f(b)(2) of the 1941 Supplement to the General Statutes disqualifies a workman from receiving benefits "during the week in which, in the opinion of the administrator, he has left work without sufficient cause connected with his employment....and for the next four following weeks."   The finding, whose correction is not sought, shows that the plaintiff voluntarily ceased working because he had been ordered into the Army.   This involved a reason or cause totally unconnected with his employment.   Hence, he falls under the statutory disqualification.

By way of postscript, I might add that his situation is indeed an unhappy one.   Through no fault of his own, he has been caught within the purview of a statute which ought to be amended to meet similar situations.   With reluctance, as undoubtedly the Commissioner felt in holding as he did, I must dismiss the appeal.